## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| TED SIGMON, | Case No. ___2:21-cv-2920-RMG___ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | (Jury Trial Demanded) |
| CHARLESTON GASTROENTEROLOGY SPECIALISTS, P.A.; and DOES 1-10, | |
| Defendants. | |

TED SIGMON, by and through his attorneys, and for his Complaint in this matter against Defendants CHARLESTON GASTROENTEROLOGY SPECIALISTS, P.A., and DOES 1-10, states and alleges as follows:

## **NATURE OF THE ACTION**

1.       Plaintiff TED SIGMON ("Plaintiff") has a mobility disability stemming from a C6 spinal cord injury. Because of his disability, Plaintiff utilizes a wheelchair for mobility purposes. Plaintiff is limited in the major life activity of walking.

2.       Defendant CHARLESTON GASTROENTEROLOGY SPECIALISTS, P.A., doing business as Charleston GI ("Defendant" or "Charleston GI"), and Does 1 through 10 ("Doe Defendants") discriminated against Plaintiff by violating the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("Section 504"), and S.C. Code Ann. § 10-5-210 and § 43-33-510, resulting in significant access barriers at Defendant's facilities. Specifically, Plaintiff experienced difficulty and risk of harm when confronted with inaccessible exam rooms and exam tables at Defendant's medical facilities, making it difficult, if not impossible, for Plaintiff to access his medical care with Defendant. These violations exist due to a systemic failure to

maintain accessibility features at Defendant's facility identified in this Complaint.

3.     Plaintiff brings this action individually to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure Plaintiff full and equal enjoyment of, and a meaningful opportunity to participate in and benefit from, Defendant's healthcare services. Plaintiff seeks declaratory, injunctive, and equitable relief, compensatory damages, and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title III of the ADA, 42 U.S.C. § 12101 *et seq*., Section 504 of the Rehabilitation Act, and S.C. Code Ann. § 10-5-210 and § 43-33-510.

4.     Plaintiff visited Defendant's facilities in South Carolina and was denied full and equal access as a result of Defendant's improper policy for persons with disabilities. Defendant denied Plaintiff equal access to its facilities because it did not provide appropriate access for patients utilizing wheelchairs as required by the ADA, the Rehabilitation Act, and S.C. Code Ann. § 10-5-210 and § 43-33-510.

5.     By failing to make its medical center accessible to mobility-impaired persons, Defendant, a public accommodation subject to Title III of the ADA, deprives disabled persons of the full benefits of Defendant's healthcare services—all benefits it affords nondisabled individuals—thereby increasing the sense of isolation and stigma among these Americans that Title III of the ADA is meant to redress.

6.     Defendant has demonstrated through its interactions with Plaintiff that it has adopted a policy and/or pattern and practice of refusing to provide accessible healthcare to the disabled, and that its policy, on information and belief, is based purely on financial considerations, and resulted in the violation of Plaintiff's civil rights.

7.      Defendant has further demonstrated through its interactions with Plaintiff that Defendant's employees are not properly trained regarding civil rights, mobility accommodations, privacy considerations, or how to interact with mobility-impaired individuals.

8.      Defendant's discrimination sends a message that it is acceptable for medical providers to adopt policies, procedures, and practices that deprive mobility-impaired individuals of the opportunity to be full partners in their receipt of healthcare services.

9.      The ADA expressly contemplates injunctive relief aimed at modification of a policy or practice that Plaintiff seeks in this action. In relevant part, the ADA states:

> Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods.

42 U.S.C. § 12188(a)(2).

10.     Consistent with 42 U.S.C. § 12188(a)(2), Plaintiff seeks a permanent injunction requiring that:

a.      Defendant take all steps necessary to bring policies regarding accessibility to the disabled into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that disabled persons have equal access to healthcare;

b.      Defendant change its policies and practices so that the accessibility barriers at Defendant's facilities do not reoccur; and

c.      Plaintiff's representatives monitor Defendant's facilities to ensure the injunctive relief ordered pursuant to Paragraph 10.a. and 10.b. has been implemented and will remain in place.

## PARTIES

11.     Plaintiff Ted Sigmon is, and at all times relevant hereto was, a resident of

Summerville, Dorchester County, South Carolina. Plaintiff suffered from a C6 spinal cord injury and uses a wheelchair for mobility.

12.     Plaintiff is a Medicare recipient, and his treatment at Defendant's facilities was at least partially paid for through Medicare.

13.     Defendant Charleston Gastroenterology Specialists, P.A., doing business as Charleston GI, is a South Carolina Public Benefit corporation organized and existing under the laws of South Carolina with its headquarters at 1962 Charlie Hall Blvd., Charleston, South Carolina 29414. Defendant may be served with process by serving its registered agent, Theodore Gourdin, at 1962 Charlie Hall Blvd., Charleston, South Carolina 29414.

14.     Plaintiff has treated at Defendant's facilities, including the Carnes Crossroads facility located at Windmill Station, 2001 2nd Avenue, Suite 101, Summerville, SC 29486.

15.     Defendant's facilities are places of public accommodation as defined in 42 U.S.C. §12181(7)(G), and Defendant is thus subject to the requirements of the ADA, the Rehabilitation Act, and S.C. Code Ann. § 10-5-210 and § 43-33-510.

16.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Doe Defendants are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to allege their true names and capacities when known. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Doe Defendants is responsible in some manner for the occurrences alleged in this Complaint.

17.     Plaintiff alleges that Defendant Charleston GI and the Doe Defendants at all times mentioned in this Complaint were the alter egos, agents, and/or employees and/or employers of their co-Defendants and in doing the things alleged in this Complaint were acting within the course of such agency and/or employment and with the permission and consent of their co-Defendants.

## FACTUAL BACKGROUND

**Plaintiff Has Been Denied Full and Equal Access to Defendant's Facilities**

18.    Plaintiff visited Defendant's Carnes Crossroads facility located at Windmill Station, 2001 2ⁿᵈ Avenue, Suite 101, Summerville, SC 29486 on September 22, 2020, and on multiple occasions after that date.

19.    Plaintiff utilizes a wheelchair for mobility. At his initial visit to Defendant's facilities to receive medical treatment, Plaintiff presented in significant abdominal discomfort and pain. He complained of fatigue, weight gain, and constipation. At subsequent visits to Defendant's facilities, he complained of significant abdominal discomfort and pain and discomfort after eating.

20.    Plaintiff encountered numerous accessibility barriers that made it difficult, if not impossible, to access his medical care. Those barriers include, but are not limited to, the following:

- The examination tables used during the examinations were not height adjustable. Defendant's staff requested Plaintiff transfer onto the examination table so the staff could examine him. Plaintiff was not able to transfer safely to the non-adjustable examination table. Ultimately, because he was unable to transfer, Defendant's staff performed the medical examination while he remained in his wheelchair.

- Defendant's staff indicated they did not have an accessible scale to obtain Plaintiff's weight during the examination, instead asking him if he knew his weight. When he indicated it had been over a year since he had been weighed, the staff asked him to estimate his weight.

- Later, when Plaintiff arrived for an ultrasound appointment as ordered by his doctor to evaluate his significant abdominal pain, Defendant's staff asked him to transfer to the examination table. When he was unable to transfer, the ultrasound tech

responded, "Well, that's going to be a problem." At no time did the tech offer assistance or the use of assistive devices to help Plaintiff safely transfer to the ultrasound examination table. The ultrasound technician then became hostile towards Plaintiff and his wife. The technician raised her voice in anger, berating Plaintiff and his wife for coming to the Carnes Crossroads location for an ultrasound instead of going to the hospital downtown, which had a lift, despite Plaintiff's physician directing him to obtain the ultrasound at the Charleston GI location and the hospital being a much less convenient location for Plaintiff. Plaintiff was in significant discomfort due to his abdominal issues. Ultimately, the technician had to perform the ultrasound with Plaintiff in his wheelchair, because the facility could not appropriately accommodate the patient.

- Defendant's staff did not offer to assist Plaintiff in transferring to any examination or ultrasound table.

- Defendant's staff did not offer the use of an accessible lift to assist with a transfer. This forced Plaintiff to either attempt to transfer himself, transfer with the assistance of his wife at significant risk of injury, or transfer with help of third parties.

- Plaintiff's entire treatment at Defendant's facility was performed while he remained in his wheelchair.

21.    As a result of Defendant's failure to ensure mobility accommodations for Plaintiff, and denial of equal access, Plaintiff received services that were objectively substandard, inaccessible, and inferior to those provided to ambulatory patients, and he was subjected to discriminatory treatment because of his disability.

22.     Despite this difficulty, frustration, and unequal treatment, Plaintiff will seek Defendant's healthcare services in the future because of the proximity of Defendant's facilities to his home and because of his insurance coverage. Plaintiff anticipates returning to Defendant's facilities to receive additional treatment, but he is deterred from doing so due to the discrimination he has faced and expects to face in the future. Furthermore, Plaintiff intends to return to Defendant's facilities to ascertain whether those facilities remain in violation of accessibility standards.

## JURISDICTION AND VENUE

23.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

24.     This Court has personal jurisdiction over Defendant because Defendant maintains its headquarters in South Carolina, has sufficient minimum contacts with South Carolina, or has otherwise purposely availed itself of the markets in South Carolina through the promotion, marketing, and sale of its services in South Carolina to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. Specifically, Defendant is registered to do business in South Carolina and has been doing business in South Carolina.

25.     Venue is proper under 28 U.S.C. § 1391(a) and (b)(2). Defendant is subject to personal jurisdiction in this District because Defendant does substantial business in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District. Defendant also engaged in the extensive promotion, marketing, distribution, and sales of the services at issue in this District.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE ADA, TITLE III

### [42 U.S.C. §§ 12101 *et seq.*]

26.     Plaintiff incorporates the allegations in the preceding paragraphs as if alleged herein.

27.     At all times relevant to this action, Title III of the ADA, 42 U.S.C. §§ 12181, *et seq.*, was in full force and effect and applied to Defendant's conduct.

28.     At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, were in full force and effect and applied to Defendant's conduct.

29.     At all times relevant to this action, Plaintiff has been substantially limited in the major life activity of walking. Accordingly, he is considered an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(2).

30.     Defendant owns, leases, and/or operates a specialty healthcare system for gastroenterology health care services, which involves evaluating, diagnosing, and treating patients for disorders affecting the gastrointestinal system, including the stomach, intestine, colon, liver, pancreas, and gallbladder, at their numerous medical offices and endoscopy centers. Each of these facilities, including the facility identified above, are places of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(F).

31.     Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations." 42 U.S.C. § 12182(a).

32.     Pursuant to Title III of the ADA and its implementing regulations, a public accommodation cannot deny participation or offer unequal or separate benefits to individuals with

disabilities. 42 U.S.C. § 12182(b)(1)(A); 28 C.F.R. §§ 36.202.

33.     Pursuant to Title III of the ADA and its implementing regulations, it "shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

34.     Defendant discriminated against Plaintiff on the basis of his disability by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of its places of public accommodation and equal opportunity to participate in and benefit from Defendant's healthcare services in violation of the ADA.

35.     As set forth above, absent injunctive relief, there is a clear risk that Defendant's actions will recur with Plaintiff and/or other mobility-impaired persons seeking Defendant's healthcare services.

36.     Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1) and/or common law.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

37.     Plaintiff incorporates the allegations in the preceding paragraphs as if alleged herein.

38.     Plaintiff is an individual with a disability protected by Section 504 of the Rehabilitation Act and qualified to receive health services through Medicare. *See* 29 U.S.C. § 794(a); 45 C.F.R. § 84.3(j).

39.     Defendant is a recipient of federal financial assistance from the Department of

Health and Human Services and is subject to Section 504 of the Rehabilitation Act and its implementing regulations. *See* 29 U.S.C. § 794; 45 C.F.R. § 84.3(h).

40.     Section 504 of the Rehabilitation Act provides that no qualified individual with a disability shall be subjected to disability-based discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a).

41.     Discrimination includes failing to "[a]fford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others," or providing qualified handicapped persons with "an aid, benefit, or service that is not as effective as that provided to others."  45 C.F.R. § 84.4(b)(1)(ii)-(iii); *see* 45 C.F.R. § 84.52(a)(2)-(3).

42.     Section 504 requires health programs or activities that receive federal financial assistance and that have at least fifteen employees to provide auxiliary aids and services to individuals who are mobility-disabled and use wheelchairs. 45 C.F.R. § 84.52(b), (d).

43.     A recipient may not directly, or through contractual, licensing, or other arrangements, discriminate on the basis of disability. 45 C.F.R. § 84.4(b)(1).

44.     Defendant's provision of healthcare services constitutes a program or activity receiving federal financial assistance and, as a recipient, Defendant is required to ensure that it and its contractors comply with Section 504 of the Rehabilitation Act.

45.     Defendant has failed and is failing to meet its obligation to provide mobility-impaired individuals an equal opportunity to use and benefit from its healthcare programs and activities. In failing to provide to provide equal access to Plaintiff and other patients who utilize wheelchairs, Defendant has refused to provide the auxiliary aids and services necessary to provide such patients medical treatment in an effective and timely manner that protects their privacy and

independence.

46.    Some examples of Defendant's inaccessible facilities for mobility-impaired individuals are listed in paragraph 20 above.

47.    Because Plaintiff and other mobility-impaired individuals cannot independently access the medical facility and services they need, they risk ineffective medical care or must forego accessing critical healthcare altogether. Defendant's failure to provide equally effective accommodations to mobility-impaired patients puts their health at risk. This is especially pronounced in the failure to have accessible exam rooms, transfer assistance, or staff equipped to help Plaintiff maneuver and transfer to the exam tables. This failure necessitated Plaintiff not only being examined in his wheelchair, but also having to undergo an ultrasound, a test critical to his diagnosis, while remaining in his wheelchair.

48.    As a result of Defendant's actions and omissions, Plaintiff and other mobility-impaired individuals have suffered and will continue to suffer irreparable harm in the form of unequal access to Defendant's healthcare services. If there is no change in the status quo, Plaintiff and other mobility-impaired individuals will be denied their right to access and engage fully in the provision of their healthcare.

49.    Defendant's failure to meet its obligations to accommodate mobility-impaired patients in an effective manner constitutes an ongoing and continuous violation of the ADA, the Rehabilitation Act, and their implementing regulations. Unless restrained from doing so, Defendant will continue to violate the ADA and the Rehabilitation Act, and Defendant's conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

50.    Defendant's refusal to accommodate mobility-impaired patients in an equally effective manner, through the provision of alternative accessible medical equipment, was done

intentionally or with deliberate indifference to the protected rights of Plaintiff and other mobility-impaired individuals.

51.    Plaintiff is entitled to injunctive relief, as well as reasonable attorneys' fees and costs. Plaintiff is also entitled to compensatory damages as provided by statute.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SOUTH CAROLINA LAWS AGAINST DISCIMINATION

## [S.C. CODE ANN. § 10-5-210 AND § 43-33-510]

52.    Plaintiff incorporates the allegations in the preceding paragraphs as if alleged herein.

53.    The intent of the statute is to "enable persons with disabilities to achieve maximum personal independence; to use and enjoy governmental and public buildings and facilities; and to participate fully in all aspects of society." S.C. Code Ann. § 10-5-210.  Moreover, "[t]he opportunity to obtain housing, full and equal use of public accommodations, public services, and to make use of educational facilities without discrimination because of a handicap is guaranteed by this article and is a civil right." S.C. Code Ann. § 43-33-510.

54.    At all times relevant to this action, Title III of the ADA, 42 U.S.C. §§ 12181, *et seq.*, was in full force and effect and applied to Defendant's conduct.

55.    Discrimination in a place of public accommodation is actionable under South Carolina law.  *See* S.C. Code Ann. § 10-5-290 ("A person who is denied access to buildings, structures, or facilities, or is otherwise deprived of rights as a citizen as declared in the statement of state policy set forth in Section 10-5-210 may enforce these rights by injunction and recover damages in a proper case in the court of common pleas."); *see also* S.C. Code Ann. § 43-33-540.

56.    At all times relevant to this action, Plaintiff has been substantially limited in the

major life activity of walking.

57.     Defendant owns, leases, and/or operates healthcare services, including numerous office locations and endoscopy centers, that are places of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(F), and S.C. Code Ann. § 10-5-210 and § 43-33-510.

58.     Pursuant to S.C. Code Ann. § 43-33-510, a public accommodation cannot deny participation or offer unequal or separate benefits to individuals with disabilities based upon their disability.

59.     Pursuant to S.C. Code Ann. § 10-5-290, a public accommodation must construct, or alter, their facilities to adhere to the standards described in the statute. These standards ensure non-discrimination against disabled individuals. *Olson v. Faculty House of Carolina, Inc.*, 354 S.C. 161, 164, 580 S.E.2d 440, 442 (2003).

60.     Defendant discriminated against Plaintiff on the basis of his disability by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of their places of public accommodation and equal opportunity to participate in and benefit from Defendant's healthcare services in violation of § 43-33-510.

61.     As set forth above, absent injunctive relief, there is a clear risk that Defendant's actions will recur with Plaintiff and/or other mobility-impaired persons seeking Defendant's healthcare services.

62.     Plaintiff is therefore entitled to injunctive relief, as well as an award of compensatory damages, attorneys' fees, costs, and disbursements pursuant to S.C. Code Ann. § 10-5-290 and § 43-33-540.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A.     Accepting jurisdiction of this case and declaring Defendant's policies, procedures, and services are discriminatory and violate the ADA, the Rehabilitation Act, and S.C. Code Ann. § 10-5-210 and § 43-33-510;

B.     Requiring Defendant to alter the identified medical facility location to make it accessible to and usable by individuals with disabilities to the extent required by the ADA, the Rehabilitation Act, and S.C. Code Ann. § 10-5-210 and § 43-33-510;

C.     Directing Defendant to evaluate its policies, practices, and procedures toward persons with disabilities for such reasonable time as to allow Defendant to undertake and complete corrective procedures at the identified medical facility location;

D.     Mandating Defendant to expeditiously make all reasonable and appropriate modifications in its policies, practices, and procedures, to remove all architectural barriers at the identified medical facility location that are readily achievable and technically feasible as required by law, and to take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated, or otherwise treated differently and discriminated against;

E.     Awarding Plaintiff reasonable attorneys' fees, expert fees, costs, and expenses to;

F.     Awarding Plaintiff compensatory damages for the intentional discrimination, humiliation, distress, and anxiety he suffered pursuant to Section 504 of the Rehabilitation Act, and S.C. Code Ann. § 10-5-210 and § 43-33-510;

G.     Awarding Plaintiff such other and further relief as the Court deems necessary, just, and proper; and

H.     Retaining jurisdiction of this case until the Defendant has fully complied with the orders of this Court.

## DEMAND FOR JURY TRIAL

Plaintiff TED SIGMON hereby demands a trial by jury of all claims so triable in the above-referenced matter.

Dated: September 10, 2021                     Respectfully Submitted,

*/s/ James L. Ward, Jr.*
James L. Ward, Jr. (Fed. ID No. 6956)
jward@mcgowanhood.com
**MCGOWAN, HOOD & FELDER, LLC**
10 Shem Drive, Suite 300
Mt. Pleasant, SC 29464
Phone: (843) 388-7202

Benjamin J. Sweet*
ben@nshmlaw.com
**NYE, STIRLING, HALE & MILLER, LLP**
1145 Bower Hill Road, Suite 104,
Pittsburgh, PA 15243
Phone: (412) 742-0631

Jonathan D. Miller*
jonathan@nshmlaw.com
**NYE, STIRLING, HALE & MILLER, LLP**
33 W. Mission Street, Suite 201
Santa Barbara, CA 93101
Phone: (805) 963-2345

*Attorneys for Plaintiff*

*Motion for pro hac admission forthcoming